IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN KENERSON,

    Petitioner,

v.                                                              Crim. Action No. 1:04cr52
                                                                    Civil Action No. 1:16cv228

UNITED STATES OF AMERICA,                Crim. Action No. 1:05cr28
                                                                      Civil Action No. 1:16cv229
    Respondent.                                                                (Judge Keeley)

## REPORT AND RECOMMENDATION

### I. Introduction

On May 5, 2005, petitioner Steven Kenerson ("Kenerson") pleaded guilty in two criminal cases before this Court: Crim. Case Nos. 1:04cr52 and 1:05cr28. On August 19, 2005, he received a total effective sentence of 262 months imprisonment for both convictions. Crim. Case No. 1:04cr52, ECF No. 34; Crim. Case. No. 1:05cr28, ECF No. 29. On July 24, 2008, having successfully attacked his guideline calculation in both cases pursuant to 28 United States Code § 2255, Kenerson was resentenced to a total effective sentence of 200 months incarceration. Crim. Case No. 1:04cr52, ECF Nos. 45 & 46; Crim. Case No. 1:05cr28, ECF Nos. 38 & 39.

On June 30, 2016, Kenerson, by then an inmate at USP Allenwood in White Deer, Pennsylvania, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging his amended sentence, citing Johnson v. United States, 135 S. Ct. 2551 (2015), seeking resentencing and alleging that that decision "struck down part of the Armed Career Criminal Act" ("ACCA") that pertained to him.[1] The § 2241 petition was docketed as Civil Action No. 2:16cv55.

Approximately two months later, on August 22, 2016, Kenerson filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 ("Petition"); although Kenerson filed only one petition, because it

---

[1] The petition was post-marked June 24, 2016.

attacked his sentence in the two criminal cases discussed *supra,* the Clerk docketed the petition as two separate civil actions, Civil Case Nos. 1:16cv175 and 1:16cv176. The petition(s) cited Johnson v. United States, 135 S. Ct. 2551 (2015), and alleged that Kenerson "was convicted under ACCA for crimes of violence." Crim. Case No. 1:04cr52, ECF No. 51 at 9; Crim. Case No. 1:05cr28, ECF No. 44 at 9.

On October 18, 2016, in Petitioner's then still-pending § 2241 action, Magistrate Judge Aloi notified Kenerson of the Court's conclusion that his § 2241 petition should be recharacterized as one under § 2255. Civil No. 2:16cv55, ECF No. 2. Kenerson elected to have the § 2241 petition converted to one under § 2255. Civil No. 2:16cv55, ECF No. 4. At Judge Bailey's direction, the Clerk then closed Kenerson's § 2241 case and opened two § 2255 cases before this Court [Civil No. 2:16cv55, ECF No. No. 5 at 2], using the § 2241 petition filed on June 30, 2016 and deeming them filed as of the original filing date of June 30, 2016. The two new § 2255 cases [Civil Nos. 1:16cv228 and 1:16cv229] were deemed filed as of June 30, 2016.[2]

Accordingly, because his August 2016 § 2255 petitions were filed after his June, 2016 § 2241 petition, now converted to two § 2255 petitions, on December 6, 2016, Kenerson's two previous August, 2016 § 2255 petitions pending before this Court, both based on Johnson, were dismissed as moot by separate orders entered in each case. Crim. Case No. 1:04cr52, ECF No. 56; Crim. Case No. 1:05cr28, ECF No. 50. Nonetheless, Kenerson's Johnson challenge continued under the § 2255 petitions associated with Civil Case Nos. 1:16cv228 and 1:16cv229.

However, because the June 30, 2016 petitions were not on court-approved forms, on December 6, 2016, in both new § 2255s, Petitioner was sent a Notice of Deficient Pleading and directed to refile his petitions on court-approved § 2255 forms within twenty-one (21) days from

---

[2] Because of the prison mailbox rule, however, both cases were deemed timely because they were postmarked June 24, 2016.

the date of the notice, which would have been by December 27, 2016. (Crim. Case No. 1:04cr52, ECF No. 59; Crim. Case No. 1:05cr28, ECF No. 53). The notices were sent via certified mail, return receipt requested, to Petitioner's last known address as reflected on the docket. A review of both dockets indicates that the notices were received and signed for at USP Allenwood on December 12, 2016. (Crim. Case No. 1:04cr52, ECF No. 61; Crim. Case No. 1:05cr28, ECF No. 54).

By Order entered December 9, 2016, the motion to vacate in Civil Action No. 1:16cv228/1:04cr52, was referred to the undersigned. Crim. Case No. 1:04cr52, ECF No. 60.

On January 12, 2017, in both § 2255 petitions, the undersigned determined that Petitioner had not complied with the December 6, 2016 Notices of Deficient Pleading. Accordingly, an Order to Show Cause was issued in both § 2255 cases that same day, and copies were sent to Petitioner by certified mail, return receipt requested. Crim. Case No. 1:04cr52, ECF No. 64; Crim. Case. No. 1:05cr28, ECF No. 56. The Order advised Petitioner that he had fourteen (14) days from entry of the Order to show cause why his case should not be dismissed without prejudice for the failure to prosecute. The docket indicates that per the United States Postal Service's website, the Show Cause Orders' certified mail return receipts were received and signed for at USP Allenwood on January 17, 2017. Crim. Case No. 1:04cr52, ECF No. 65; Crim. Case No. 1:05cr28, ECF No. 57.

On February 7, 2017, having received no response to the Show Cause Orders from Petitioner, the two cases were dismissed for failure to prosecute; copies of the dismissal orders were sent to Petitioner via certified mail, return receipt requested, to his last known address as reflected on the docket. Crim. Case No. 1:04cr52, ECF No. 66; Crim. Case No. 1:05cr28, ECF No. 58. A review of the docket reveals that the dismissal orders were accepted at USP Allenwood on March 9, 2017. Crim. Case No. 1:04cr52, ECF No. 72; Crim. Case No. 1:05cr28, ECF No. 59.

On February 21, 2017, Petitioner finally filed his court-approved form § 2255 motion(s) to vacate, along with a Notice of Pleadings.  Crim Case No. 1:04cr52, ECF Nos. 69 & 70; Crim. Case No. 1:05cr28, ECF Nos. 60 & 62.  The pleadings were filed in both criminal cases and two new civil actions were opened: Case No. 1:17cv26 and 1:17cv27.

By Order entered March 2, 2017, Petitioner's Notice of Pleadings was construed as a motion to file out of time and granted; the Clerk of Court was directed to close the two new civil case [Case Nos. 1:17cv26 and 1:17cv27], and to reopen the two civil Case Nos. 1:16cv228 and 1:16cv229.  See Crim. Case No. 1:04cr52, ECF No. 71; and Crim. Case No. 1:05cr28, ECF No. 63.

On May 4, 2017, after a preliminary review of the files, the undersigned determined that summary dismissal of the petitions was not warranted, and directed the Respondent to file answers. Crim. Case No. 1:04cr52, ECF No. 74; Crim. Case No. 1:05cr28, ECF No. 65.  The Government filed its Response on June 5, 2017 in Crim. Case No. 1:04cr52, ECF No. 75, and on June 13, 2017 in Crim. Case No. 1:05cr28, ECF No.67.  Petitioner did not file a reply in either criminal case.

The undersigned now issues this Report and Recommendation on Petitioner's motion(s) without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge grant Kenerson's motion(s).

## II. Facts

### A. Conviction and Sentence

On May 5, 2005, Kenerson pleaded guilty in case number 1:04cr52 to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B), and to being a felon in possession of a firearm in violation of 18 U.S.C.§ 922(g)(1) and § 924(e).  At the same time, Kenerson pleaded guilty in case number 1:05cr28 to assault of a witness with intent to intimidate in violation of 18 U.S.C. § 1512(a)(2)(B).  Pursuant to the terms of

the plea agreement, Kenerson stipulated that he was subject to the Armed Career Criminal provisions of 18 U.S.C. § 924(e).[3] The case was continued for sentencing and for preparation of a presentence report ("PSR").

In Kenerson's PSR, the probation officer originally found that Kenerson qualified as both an Armed Career Criminal and a Career Offender under U.S.S.G. § 4B1. The probation officer therefore applied the Career Offender guidelines to Kenerson's felon in possession of a firearm conviction. Pursuant to U.S.S.G. § 4B1.1(b)(A), Kenerson's career offender guideline range was determined to be a level 37 for the firearm conviction. Granting Kenerson a three level reduction for acceptance of responsibility, the probation officer established Kenerson's total offense level at 34.

At the time of sentencing in case number 1:04cr52, the base offense level for a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) under U.S.S.G. § 2D1.1(c)(7) was 26. Because Kenerson was found in the possession of a pistol, two levels were added pursuant to U.S.S.G. § 2D1.1(b)(1), for Specific Offense Characteristics. Therefore, Kenerson's adjusted base offense level was calculated at 28.

At the time of sentencing in Case No. 1:05cr28, the base offense level under U.S.S.G. 2A2.1 for a violation of 18 U.S.C. § 1512(a)(2)(B) was 27. Because there were no applicable adjustments, Kenerson's adjusted base offense level remained a 27. Because Kenerson was sentenced simultaneously on these separate cases, a Multiple Count Adjustment under U.S.S.G. § 3D1.4 was calculated. The greater adjusted offense level of 28 was used and when a 2-level increase in offense level was applied, Kenerson's combined adjusted offense level was determined to be 30. Applying a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b), Kenerson's adjusted offense level became 27.

---

[3] Kenerson had prior convictions for second degree robbery, third degree assault and unlawful assault.

Kenerson's status as an Armed Career Criminal, however, required that the Court apply an enhancement pursuant to U.S.S.G. § 4B1.4, which set his base offense level at 34. With the acceptance of responsibility adjustment, Kenerson's total offense level as an Armed Career Criminal was determined to be 31. Because Kenerson was also considered a Career Offender, his offense level was also calculated pursuant to U.S.S.G. § 4B1.1, which produced an adjusted offense level subtotal of 37. With the reduction for acceptance of responsibility, Kenerson's total offense level as a Career Offender was determined to be 34.

Because Application Note 5 of U.S.S.G. § 1B1.2 instructed the Court to apply the greater offense level, the Court sentenced Kenerson using a total offense level 34. Because Kenerson had a criminal history category of VI, the advisory guideline range was 262 to 327 months. No objections were made to the calculations contained in the PSR.

On August 15, 2005, Kenerson appeared before the Court for sentencing. At that time, the Court accepted the guideline calculations as set forth in the PSR and imposed a sentence of 262 months imprisonment for Kenerson's felon in possession conviction. The Court also imposed a concurrent 262 month prison term on Kenerson's possession with intent to distribute conviction, and a concurrent 240 month prison term for Kenerson's witness assault conviction; Kenerson received a concurrent sentence in 1:05cr28 of only 240 months because the statutory maximum for a violation of 18 U.S.C. § 1512(a)(2)(B) is twenty years. Therefore, the total effective sentence was 262 months in prison.

## B. Direct Appeal

Kenerson's plea agreement contained a waiver of appellate rights; he did not appeal his sentence.

## C. Federal Habeas

### 1) First Motion to Vacate

In his first § 2255 motion, filed on June 26, 2008, Kenerson asserted that his sentence was illegal and contrary to clearly established federal law, because a felon in possession of a firearm conviction was not a crime of violence for Career Offender purposes, and thus the Career Offender guidelines were erroneously applied to his firearm conviction.

In his § 2255 motion, Kenerson argued that the Armed Career Criminal guidelines should have been applied to his felon in possession conviction, pursuant to U.S.S.G. § 4B1.1. According to Kenerson, had the appropriate guidelines been applied, his base offense level should have been 34, and with a three level reduction for acceptance of responsibility, his total offense level should have been 31. With the same criminal history category, Kenerson asserts that his applicable guideline range should have been 188 to 235 months.

Kenerson further represented that the Government did not oppose the motion, and that the parties had jointly agreed to a new sentence of 200 months on each count, to run concurrently, which falls within the new advisory guideline range. Finally, Kenerson filed a waiver of right to be present at resentencing.

The erroneous application of the Career Offender Guidelines to Kenerson's sentence was discovered when Kenerson's case was screened for eligibility for the retroactive application of the 2007 amendments to the crack cocaine guidelines. By Order entered July 24, 2008, Kenerson's untimely § 2255 motion was found to warrant equitable tolling because the probation office, all counsel of record, and the Court had failed to realize the error in his PSR. Accordingly, his sentence was recalculated, resulting in a base offense level of 34.[4] With a three level reduction for acceptance of responsibility, his total offense level was now 31, because after removing Kenerson's Career Offender status, his total offense level adjusted to that determined under the Armed Career

---

[4] Removing Kenerson's Career Offender status, his total offense level adjusted to that determined under the Armed Career Criminal provisions of U.S.S.G. § 4B1.4.

Criminal provisions of U.S.S.G. § 4B1.4. His criminal history category remained a category VI, and, therefore, his new guideline range was 188 to 235 months. His motion to vacate was granted, and because he had waived the right to appear at sentencing, he was resentenced to 200 months.

**2) Second and Instant Motion to Vacate**

**Petitioner's Contentions**

In his nearly-blank court-approved form § 2255 motion to vacate, Petitioner seeks a sentence reduction under the Johnson residual clause. Crim. Case No. 1:04cr52, ECF No. 69 at 13; Crim. Case No. 1:05cr28, ECF No. 62 at 13.

**Government's Response**

The Government concedes that Petitioner's sentence, because it was enhanced under the Armed Career Criminal Act ("ACCA") is now illegal in light of the holding in Johnson, that the ACCA's residual clause is void for vagueness. See Crim. Case No. 1:04cr52, ECF No. 75 at 4; Crim. Case No. 1:05cr28, ECF No. 67 at 1. The Government agrees that Petitioner is entitled to Johnson relief, because it appears that at least two of Petitioner's predicate convictions supporting his ACCA enhancement no longer qualify as violent felonies under 18 U.S.C. § 924(e). See Crim. Case No. 1:04cr52, ECF No. 75 at 4; Crim. Case No. 1:05cr28, ECF No. 67 at 4.

### IV. Armed Career Criminal Act

In Johnson,[5] the Supreme Court considered a provision of the ACCA that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1); see id. § 922(g). The ACCA defines a "violent felony" as a crime punishable

>…by imprisonment for a term exceeding one year… that

---

[5] Johnson v. United States, 135 S.Ct. 2551, 576 U.S. __ (2015).

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another.***

18 U.S.C. § 924(e)(2)(B)(emphasis added).

The closing words of this definition, bolded and italicized above, have come to be known as the Act's residual clause. In <u>Johnson</u>, the Supreme Court held that imposing an increased sentence under the residual clause violated due process. 135 S.Ct. at 2555-2563.

On January 8, 2016, the Supreme Court granted a writ of *certiorari* to resolve a split in the circuits as to whether <u>Johnson</u> applied retroactively to the sentences of defendants whose convictions had become final. <u>Welch v. United States</u>, 136 S.Ct. 790, 2016 WL 90594 (2016). On April 18, 2016, the Supreme Court determined that <u>Johnson</u> changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, 136 S.Ct. 1257 (2016).

## V. <u>Analysis</u>

The Government admits that Petitioner is only properly classified as an Armed Career Criminal if all three of his predicate convictions fall under the ACCA's "force" clause, i.e., they have as an element the "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §924(e)(2)(B)(i).

Petitioner had the following convictions that served as the predicate offenses for his ACCA enhancement: 1) an August 21, 2003 conviction for assault on a public servant in 120th District Court, El Paso County, TX, Case No. 20030D03520 [See Crim. Action No. 1:04cr52, ECF No. 75-1; Crim. Action No. 1:05cr28, ECF No. 67-1] an August 21, 2003 conviction for second degree robbery in the 168th District Court, El Paso County, TX, Case No. 20030D02933 [Crim. Action No. 1:04cr52, ECF No. 75-2; Crim. Action. No. 1:05cr28, ECF No. 67-2]; and 3) a December 16, 2002 conviction for unlawful assault in the Circuit Court for Doddridge County, West Virginia, Case No. 02-F-19. See Crim. Action No. 1:04cr52, ECF No. 75-3; Crim. Action No. 1:05cr28, ECF No. 67-3. The indictments for Petitioner's first and second predicate convictions from Texas were issued in the name of one of Petitioner's aliases, Robert Watson. See PSR at 4 & 7, Crim. Action No. 1:04cr52, ECF No. 37; Crim. Action No. 1:05cr28, ECF No. 33.

A review of the record before the undersigned reveals that Petitioner's prior conviction for assault on a public servant under Tex. Penal Code § 22.01 does not appear to be properly classified as a violent felony because a conviction for that offense could be sustained by proof of mere recklessness, thus that conviction does not appear to be a violent felony as that term is now defined under 18 U.S.C. § 924(e)(2)(B).

Similarly, Petitioner's prior conviction for second degree robbery under Tex. Penal Code F. Supp. § 29.02(a)(1) does not appear to be properly classified as a violent felony because a conviction for that offense could be sustained by proof of mere recklessness, thus, that conviction for second degree robbery does not appear to be a violent felony as that term is now defined under 18 U.S.C. § 924(e)(2)(B).

Accordingly, after reviewing the record, the undersigned finds that the holdings under Johnson and Welch apply to the Petitioner's sentence, and he is entitled to be resentenced.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's Motion(s) Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 1:16cv228, ECF Nos. 1 & 12, Crim. Action No. 1:04cr52, ECF Nos. 57 & 69]; [Civil Action No. 1:16cv229, ECF No. 1 & 12, Crim. Action No. 1:05cr28, ECF No. 51 & 62] be **GRANTED**, and that Petitioner be resentenced without the ACCA enhancement.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record. This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED: September 11, 2017

                                              /s/ James E. Seibert
                                              JAMES E. SEIBERT
                                              UNITED STATES MAGISTRATE JUDGE